**Miscellaneous Docket No. _____**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

### IN RE: ILLUMINA, INC. AND VERINATA HEALTH, INC.

*Petitioners*.

**On Petition For A Writ Of Mandamus To The United States District Court
For The Northern District Of California In Case No. 12-cv-05501,
Judge Susan Illston**

### PETITION FOR WRIT OF MANDAMUS

Edward R. Reines
Derek C. Walter
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

*Attorneys for Petitioners
Illumina, Inc. and Verinata
Health, Inc.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................ ii

CERTIFICATE OF INTEREST ........................................................ iv

STATEMENT OF RELIEF SOUGHT ..................................................1

STATEMENT OF ISSUE PRESENTED................................................1

STATEMENT OF JURISDICTION......................................................2

    I. INTRODUCTION .......................................................................2

    II. FACTS NECESSARY TO UNDERSTAND THIS PETITION ...............5

    III. REASONS FOR GRANTING THE WRIT ..............................8

        A.    No Other Adequate Means Is Available .....................8

        B.    The Right To A Writ Is Clear And Indisputable .....................11

            1.    Prior Art Grounds Not Included In The IPR Petition ...............17

            2.    Non-Instituted Prior Art Grounds That Were Substantively Addressed By The PTAB .......18

            3.    Prior Art Grounds That Were Considered But With Different Labels ...............21

        C.    A Writ Is Appropriate ...............24

CERTIFICATE OF COMPLIANCE.....................................................25

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Bankers Life & Casualty Co. v. Holland,*
  *346 U.S. 379 (1953)* ................................................................8

*Canadian Tarpoly Co. v. United States International Trade Commission,*
  640 F.2d 1322, 1325, 209 USPQ 33, 35 (CCPA 1981)........................................9

*Cheney v. U.S. Dist. Court for the D.C.,*
  *542 U.S. 367 (2004)* ............................................................. 8, 10

*Harmonic Inc. v. Avid Technology, Inc.,*
  815 F.3d 1356 (Fed. Cir. 2016)..........................................................13

*HP Inc. v. MPHJ Technology Inv., LLC,*
  817 F.3d 1339 (Fed. Cir. 2016)..........................................................12

*In re BP Lubricants USA Inc.,*
  637 F.3d 1307 (Fed. Cir. 2011)..........................................................10

*In re Lockwood,*
  50 F.3d 966 (Fed. Cir. 1995)............................................................10

*Intellectual Ventures I LLC v. Toshiba Corp.,*
  No. 13-453-SLR, 2016 WL 7341713 (D. Del. Dec. 19, 2016) ................... 12, 13

*Kerr v. United States District Court,*
  426 U.S. 394, 402-03, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976) ...................9

*Mallard v. United States Dist. Court for Southern Dist. of Iowa,*
  490 U.S. 296 (1989) ....................................................................10

*Mississippi Chemical Corp. v. Swift Agr. Chemicals,*
  717 F.2d 1374 (Fed. Cir. 1983)............................................... 2, 4, 8, 9

*Schlagenhauf v. Holder,*
  379 U.S. 104 (1964) ....................................................................10

*Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc.,*
  817 F.3d 1293 (Fed. Cir. 2016)..................................................................... passim

STATUTES AND REGULATIONS

28 U.S.C. § 1651 ........................................................................................2

35 U.S.C. § 102 ........................................................................... 1, 5, 6

35 U.S.C. § 103 ........................................................................... 1, 5, 6

35 U.S.C. § 315(e)(2) ................................................................. passim

## <u>CERTIFICATE OF INTEREST</u>

Counsel for Petitioner Illumina, Inc. certifies as follows:

1. The full name of every party or amicus represented by us is:

   Illumina, Inc.

2. The name of the real party in interest represented by us is:

   Illumina, Inc.

3. All parent corporations and any public companies that own 10 percent or more of the stock of the parties represented by us are:

   None.

4. The names of all law firms and the partners or associates that appeared for the parties now represented by us in the trial court or are expected to appear in this Court are:

   Edward R. Reines
   Derek C. Walter
   Anant N. Pradhan (terminated)
   Michele A. Gauger
   Sonal N. Mehta (terminated)
   **Weil, Gotshal & Manges LLP**

   Andrew E. Morello
   Jonathan E. Bachand
   **Knobbe, Martens, Olson & Bear LLP**

## CERTIFICATE OF INTEREST

Counsel for Petitioner Verinata Health, Inc. certifies as follows:

5. The full name of every party or amicus represented by us is:

Verinata Health, Inc.

6. The name of the real party in interest represented by us is:

Verinata Health, Inc.

7. All parent corporations and any public companies that own 10 percent or more of the stock of the parties represented by us are:

Formerly known as Artemis Health, Inc., Verinata Health, Inc., is a wholly owned subsidiary of Illumina, Inc. Illumina, Inc. is traded under the symbol "ILMN."

8. The names of all law firms and the partners or associates that appeared for the parties now represented by us in the trial court or are expected to appear in this Court are:

Edward R. Reines
Derek C. Walter
Anant N. Pradhan (terminated)
Michele A. Gauger
Sonal N. Mehta (terminated)
**Weil, Gotshal & Manges LLP**

Andrew E. Morello
Jonathan E. Bachand
**Knobbe, Martens, Olson & Bear LLP**

## STATEMENT OF RELIEF SOUGHT

Petitioners seek an Order directing the district court to enforce the statutory estoppel of 35 U.S.C. § 315(e)(2) by precluding defendants from asserting invalidity grounds under 35 U.S.C. §§ 102 and 103 based on patents and printed publications that they raised or reasonably could have raised in their failed IPR proceedings.

## STATEMENT OF ISSUE PRESENTED

Whether the statutory estoppel of 35 U.S.C. § 315(e)(2) only precludes a district court prior art challenge if it repeats the same grounds lost in the IPR "merits" proceedings, including only the particular prior art combination considered at the PTAB trial?

This broad question includes the following three issues:

1. Do prior art grounds that the petitioner reasonably could have submitted in an IPR petition, but never did, qualify for a § 315(e)(2) estoppel?

2. Do prior art grounds that the PTAB rejected as part of its IPR institution decision qualify for a § 315(e)(2) estoppel, if the petitioner could have properly raised those grounds during institution had it met the legal standards for doing so?

1

3. For purposes of § 315(e)(2) estoppel, are prior art "grounds" limited to the specific prior art publication that is the basis for the instituted IPR proceeding or are such grounds defined by the substance of the disclosure such that an argument based on an alternative publication or combination might in fact be understood to be the same as an instituted ground and thus estopped?

## STATEMENT OF JURISDICTION

This Court has jurisdiction to review orders refusing to apply properly the statutory estoppel of § 315(e)(2) under the All Writs Act, 28 U.S.C. § 1651. *See Mississippi Chemical Corp. v. Swift Agr. Chemicals*, 717 F.2d 1374 (Fed. Cir. 1983) (mandamus proper to "prevent relitigation of patent validity" in view of preclusion rule because preventing unnecessary relitigation is the essence of the estoppel).

## I.

## INTRODUCTION

This petition presents a pressing issue deserving of prompt attention and extraordinary relief. Increasingly, district courts are facing the important question of the scope of the statutory estoppel pursuant to § 315(e)(2) that results from a failed IPR challenge.

The district court in this case faced this emerging question and found the estoppel was so narrow that it effectively reads out of the statute the key clause that extends the estoppel to grounds that "reasonably could have" been raised. Indeed, the district court construed § 315(e)(2) to estop only the grounds that were actually addressed after the IPR was instituted, even though the petitioner reasonably could have raised other grounds, but never presented them in its petition. This outcome was surprising because not only had the patent community broadly understood that the estoppel was much more substantial, but Ariosa had itself originally stated to the district court that, if it lost its IPRs (it did), that would essentially resolve the prior art issues in the case due to the § 315(e)(2) estoppel.

The district court's decision is legally flawed because it over-reads this Court's decision in *Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc.,* 817 F.3d 1293 (Fed. Cir. 2016). In *Shaw,* this Court explained that a prior art ground is not one that reasonably could have been raised during the IPR merits stage if the PTAB declined to institute it merely because it had instituted on other prior art grounds that it deemed sufficient. The district court, however, extended that ruling indiscriminately to eliminate from the estoppel everything but the very ground that was at issue in the IPR trial. If the PTAB **welcomed** the petitioner to include a particular prior art theory in the merits stage, and the petitioner inexplicably

3

refused to pursue it, under this over-reading of *Shaw* that ground would not be considered one that "reasonably could have" been raised by the petitioner. That makes no sense.

The district court relied, in part, on a very recent decision from the Delaware district court in *Intellectual Ventures I* that applied *Shaw* this same sweeping way. But, in doing so, the Delaware court candidly questioned whether such a result made any sense and suggested that prompt appellate guidance was necessary. It is.

This Court long ago recognized that the question of whether a district court wrongly failed to estop the relitigation of validity is worthy of mandamus relief. *Mississippi Chemical Corp. v. Swift Agr. Chemicals*, 717 F.2d 1374 (Fed. Cir. 1983). The Court reasoned that such a ruling is a natural candidate because the very essence of the estoppel is to protect the parties and the system from undue relitigation. *Id.*

As set forth below, the district court's decision is clearly wrong in three fundamental ways and deserves to be corrected now.

## II.

## FACTS NECESSARY TO UNDERSTAND THIS PETITION

This patent infringement action has been pending since October 25, 2012. Plaintiffs[1] have been attempting to seek relief because Ariosa Diagnostics, Inc. ("Ariosa") is infringing U.S. Patent No. 8,318,430 ("the '430 Patent") and Ariosa, and its parent Roche Molecular Systems, Inc. ("Roche"), are infringing U.S. Patent No. 7,955,794 ("the '794 Patent").[2]

In response to plaintiffs' infringement allegations, defendants brought ***eight*** different unsuccessful Patent Office challenges against the '430 and '794 Patents. This includes IPRs instituted against each patent.    APPX00560-00583, APPX00771-00784, APPX00822-00845.   After a full IPR trial, the final written decision upheld the validity of each of plaintiffs' patents.   APPX00584-00608, APPX00676-00702, APPX00785-00803, APPX00846-00870.

---

[1]  Board of Trustees of the Leland Stanford Junior University is no longer asserting a patent in this case.  Verinata Health, Inc. has been purchased by Illumina, Inc. ("Illumina").

[2] These infringement allegations are distributed among three consolidated cases. The '430 Patent infringement claim is included in Civil Action No. 3:12-cv-05501. The '794 Patent infringement claim against Ariosa is included in Civil Action No. 3:14-CV-01921 and against Roche in Civil Action No. 3:15-CV-02216.

To obtain what turned out to be almost a two-year stay of plaintiffs' infringement claims, defendants repeatedly argued that the IPRs would simplify the district court litigation by essentially resolving the prior art issues:

> The bottom line is this: Ariosa will be estopped from asserting in this litigation the grounds of invalidity that it raised or reasonably could have raised in the IPR. 35 U.S.C. § 315(e)(2). In practice, this means that ***Ariosa will be precluded from making complicated, technical invalidity arguments based on anticipation or obviousness under 35 U.S.C. §§ 102 or 103.***

APPX00199[3]; *see also* APPX00225 ("Ariosa is estopped from asserting that the claims of the '430 patent are invalid under 35 U.S.C. § 102 or 103…."); APPX00230 ("Ariosa is now estopped from asserting that the claims of the '430 patent are invalid under 35 U.S.C. § 102 or 103 based on prior art patents or printed publications….").

Pursuant to the Northern District of California's patent rules, Ariosa filed invalidity contentions before the stay pending the outcome of the IPRs. After the '430 and '794 Patents were upheld by the PTAB, and the lengthy stay vacated, plaintiffs asked defendants to filter out the prior art grounds that were statutorily estopped as a result of their IPR losses and to honor their assurances that the IPRs would narrow the litigation by resolving the prior art issues. In response, Ariosa

---

[3] Emphasis supplied unless otherwise specified.

refused to narrow its prior art contentions for the '430 Patent in any way and actually *added* to its prior art contentions for the '794 Patent. APPX00258-00559, APPX00609-00675.

At a case management conference, plaintiffs raised with the district court defendants disregard for IPR statutory estoppel and asked how the court would prefer to handle the issue. The district court directed plaintiffs to file promptly a motion to strike defendants' invalidity contentions, which plaintiffs did.

In response to the motion to strike, Ariosa stated that it "intends to challenge in this case the validity of the '430 patent under §§ 102/103 only on grounds for which it petitioned IPR but the PTAB did not institute trial…." APPX00884:25-26.

The district court largely denied plaintiffs' motion to strike. APPX00001-00013. The district court applied too narrowly this Court's decision in *Shaw*, essentially interpreting statutory estoppel to apply only to the specific prior art grounds that were instituted and resolved in the final written decision. The district court also appeared to rule that Ariosa could pursue any grounds not included in the petition, even though Ariosa had agreed to limit its invalidity allegations for the '430 Patent to those in its IPR petition. APPX00007:12-15 ("Presumably, Ariosa does not mean that it abandons all other invalidity arguments, but simply that it

concedes estoppel as to the ground instituted and decided upon during IPR – obviousness over the combined teachings of Shoemaker, Dhallan, and Binladen."). In addition, the district court stated that the prior art that was the basis for defendants' failed IPRs, and which was estopped, could be asserted just the same if combined with additional prior art.  APPX00008, n.4.

## III.

## REASONS FOR GRANTING THE WRIT

A writ of mandamus is proper if (1) there is no other adequate means to attain the relief, (2) the right to issuance of the writ is clear and indisputable, and (3) this Court is satisfied that the writ is appropriate under the circumstances.  *Cheney v. U.S. Dist. Court for the D.C., 542 U.S. 367, 380 (2004); Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 382 (1953)*.  Each of these factors is satisfied.

### A.     No Other Adequate Means Is Available

The estoppel of 35 U.S.C. § 315(e)(2) provides patent owners with statutory protection from relitigation of prior art invalidity challenges based on patents and publications  if an adversary has elected to challenge their patent before the PTAB employing IPR.   The district court's interpretation of § 315(e)(2) deprives plaintiffs of this statutory right, as explained further below.   Plaintiffs have no

other adequate means to obtain the statutory protection from relitigation. If plaintiffs have to relitigate validity notwithstanding the § 315(e)(2) estoppel, they will incur the irreversible loss of that very right.

In *Mississippi Chemical*, this Court held that district court rulings that improperly permit the relitigation of invalidity challenges are the types of rulings eligible for mandamus relief. *Mississippi Chemical,* 717 F.2d at 1380. This is because, if a litigant has to relitigate validity notwithstanding an estoppel, it loses the very essence of the protection against such relitigation promised by the law. *Id*.

In *Mississippi Chemical*, the district court had refused to find pretrial that the patent owner was estopped from litigating patent invalidity and had denied a summary judgment motion. The patent had previously been adjudicated invalid. This Court issued a writ of mandamus requiring the grant of that summary judgment motion.

Judge Friedman, speaking for this Court, explained why mandamus proceedings were proper:

> The use of mandamus is appropriate here because it is the only way to protect the rights that *Blonder-Tongue* gave to alleged infringers. If this case went to trial before the district court on the issue of validity, there is no adequate means by which Mississippi Chemical could correct the district judge's error of failing to apply *Blonder-Tongue*.

9

> *See Kerr v. United States District Court,* 426 U.S. 394, 402-03, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976) (treating the absence of alternative means of relief as a factor in deciding whether to grant mandamus). Even if we were to review after trial the trial judge's denial of the collateral estoppel plea, our review would not be "meaningful." *Canadian Tarpoly Co. v. United States International Trade Commission,* 640 F.2d 1322, 1325, 209 USPQ 33, 35 (CCPA 1981).
>
> The essence of the *Blonder-Tongue* principle is to prevent relitigation of patent validity in a second trial after the patentee has lost on that issue in a full and fair trial. We issue the writ of mandamus in the exceptional circumstances of this case in order to protect Mississippi Chemical's right not to be required to relitigate the validity of the Kearns patent.

*Mississippi Chemical*, 717 F.2d at 1380.

In addition, mandamus is proper because where, as here, a case raises "basic and undecided" questions vexing the community broadly, and is of "first impression," it is a natural candidate. *In re BP Lubricants USA Inc.,* 637 F.3d 1307, 1310, 1313 (Fed. Cir. 2011) (quoting *Schlagenhauf v. Holder*, 379 U.S. 104 (1964)). In *BP Lubricants*, this Court issued a writ of mandamus to require a district court to apply FRCP 9(b) to a false marking claim. As shown in the following sections, district courts are wrestling with the application of *Shaw* and prompt guidance is deserved.

10

## B.    The Right To A Writ Is Clear And Indisputable

Plaintiffs' right to a writ is clear and indisputable.  Such a right may, and often is, clear and indisputable, even if it involves contested interpretations of statutes that are the subject of heavy debate.

For example, in *Mallard v. United States Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296 (1989), the five Justice majority found a writ of mandamus warranted because the right to statutory relief was clear and indisputable even though it took 10 pages of analysis to defend the prevailing statutory construction and the four dissenting Justices read the statute the opposite way.

Likewise, in *Cheney*, 542 U.S. 367 (2004), the majority found a "clear and indisputable" right even though the splintered Court expended more than 30 pages across four different opinions to debate the merits.  *See also In re Lockwood,* 50 F.3d 966 (Fed. Cir. 1995) (granting writ of mandamus based on 20 pages of analysis notwithstanding a dissent from an en banc denial).

Regardless of whether there is legal debate, the district courts' errors here are clear and indisputable.  After an IPR final written decision, § 315(e)(2) precludes the allegation that a "claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review."  The district

court in this case, and other district courts, have construed this provision far too narrowly based on an over-reading of *Shaw*.

In *Shaw*, this Court declined to find a prior art ground estopped because the petitioner could not have reasonably raised the not-instituted grounds. Importantly, the reason the petitioner could not "have reasonably raised" such grounds is because the PTAB deemed it superfluous and unnecessary due to the petitioner's likelihood of success on the instituted grounds. *Shaw,* 817 F.3d at 1296-97 ("The Board explained that the Payne-based ground was 'denied as redundant in light of [its] determination that there is a reasonable likelihood that the challenged claims are unpatentable based on the grounds of unpatentability on which we institute an *inter partes* review.'"). In other words, there is nothing the petitioner could have done to have the PTAB consider the non-instituted ground because there was nothing deficient about the non-instituted ground that formed the basis for the PTAB decision.

In *Shaw,* 817 F.3d at 1300, this Court stated that "Shaw did not raise—nor could it have reasonably raised—the Payne-based ground ***during*** the IPR." (emphasis in original). Based on this, the district court stated that *Shaw* "held that IPR estoppel only applies to grounds on which the PTAB actually institutes." *See* APPX00005:11-12; *see also* APPX00006:14-16 ("limiting IPR estoppel to grounds

12

actually instituted ensures that estoppel applies only to those arguments, or potential arguments, that received (or reasonably could have received) proper judicial attention.").[4]

The district court relied, in part, on Judge Robinson's narrow interpretation of *Shaw* citing *Intellectual Ventures I LLC v. Toshiba Corp.*, No. 13-453-SLR, 2016 WL 7341713, at *13 (D. Del. Dec. 19, 2016) (("[I]n *Shaw*[,] . . . because the PTAB rejected a certain invalidity ground proposed by the IPR petitioner, no IPR was instituted on that ground and, therefore, petitioner 'did not raise—nor could it have reasonably raised—the [rejected] ground during the IPR.'"), *reconsideration denied*, 2017 WL 107980, at *1 (D. Del. Jan. 11, 2017) (emphasis in original) ("[T]here . . . can be no dispute that estoppel does not apply to invalidity grounds that were raised by a petitioner in an IPR, but rejected by the [PTAB] as instituted grounds (i.e., 'noninstituted grounds').")). *See* APPX00006:7-14.

Judge Robinson's opinions only illustrate the confusion and uncertainty facing litigants, especially given her direct call for appellate guidance. *Intellectual Ventures I LLC v. Toshiba Corp.*, No. 13-453-SLR, 2016 WL 7341713, at *13 (D. Del. Dec. 19, 2016) ("Although extending the above logic to prior art references

---

[4] *HP Inc. v. MPHJ Technology Inv., LLC*, 817 F.3d 1339 (Fed. Cir. 2016) is identical to *Shaw* in this regard.

that were never presented to the PTAB at all (despite their public nature) confounds the very purpose of this parallel administrative proceeding, the court cannot divine a reasoned way around the Federal Circuit's interpretation in *Shaw*."), *reconsideration denied*, 2017 WL 107980, at *1 (D. Del. Jan. 11, 2017) ("since it is not my place to make policy decisions, I am not inclined to change my original decision, with the hopes that an appeal may clarify the issue for future judges in future cases.").

Both the district court below and Judge Robinson are applying § 315(e)(2) improperly based on an over-reading of *Shaw*. If estoppel were confined to only the instituted grounds, that would mean the phrase "or reasonably could have raised during that inter partes review" in § 315(e)(2) would be a virtual nullity. This is because, as this Court has explained, "[d]uring the institution phase, the Board establishes parameters that confine the proceeding during the merits phase." *Harmonic Inc. v. Avid Technology, Inc.,* 815 F.3d 1356, 1367 (Fed. Cir. 2016). Accordingly, as a general rule, there are no grounds that "reasonably could" be raised during the post-institution merits phase once the institution phase has commenced except those ***actually*** raised in that phase. *Id.*; *see AIA Regulation Comments*, 77 Fed. Reg. 48,680 at 48,689 ("Any claim or issue not included in the authorization for review is not part of the review."). Put differently, the closed

nature of the IPR proceedings post-institution would mean that, by definition, there are no grounds at all the petitioner "could have" raised in the merits phase other than those actually raised.

Because the district court's interpretation of § 315(e)(2) eviscerates a major statutory clause ("reasonably could have"), it should be rejected. Such an interpretation also ignores the evolution of this legislation in Congress and the negotiations over the IPR estoppel provision in specific.

Congress was aware that the AIA included a strong estoppel provision for IPRs. *See* 157 Cong. Rec. S952 (Feb. 28, 2011) (statement of Sen. Grassley on final consideration of S. 23) ("[The bill] would include a strengthened estoppel standard to prevent petitioners from raising in a subsequent challenge the same patent issues that were raised or reasonably could have been raised in a prior challenge."). This strong estoppel provision was expressly intended to provide a replacement for prior-art litigation in district court on any "patent issues that were raised or reasonably could have been raised." *Id.* Senator Grassley explained that the purpose of the estoppel is to substitute broadly for litigation of prior art invalidity based on patents and publications. 157 Cong. Rec. S1360-94 (daily ed. March 8, 2011) (statement of Sen. Grassley) ("Ideally, extending could-have-raised estoppel to privies will help ensure that if an inter partes review is instituted

15

while litigation is pending, that review will completely substitute for at least the patents-and-printed-publications portion of the civil litigation.).

Senator Kyl ultimately agreed to the strong IPR estoppel provision because it was limited to prior art grounds that "reasonably" could have been raised. *See* 157 Cong. Rec. S1375 (daily ed. Mar. 8, 2011). He explained that the ultimate estoppel provision in § 315(e)(2) with the "reasonably" modifier was acceptable to him because it would be clear that scorched earth prior art searches were not required, but yet the estoppel provision *would* encompass undiscovered prior art that a diligent and competent prior art searcher could have located:

> The present bill also softens the could-have-raised estoppel that is applied by inter partes review against subsequent civil litigation by adding the modifier "reasonably." It is possible that courts would have read this limitation into current law's estoppel. Current law, however, is also amenable to the interpretation that litigants are estopped from raising any issue that it would have been physically possible to raise in the inter partes reexamination, even if only a scorched-earth search around the world would have uncovered the prior art in question. ***Adding the modifier "reasonably" ensures that could-have-raised estoppel extends only to that prior art which a skilled searcher conducting a diligent search reasonably could have been expected to discover.***

*Id.* at S1376.

The district court's overly narrow application of § 315(e)(2) applies to three different categories of prior art grounds that each should be estopped.

16

### 1.   Prior Art Grounds Not Included In The IPR Petition

Plaintiffs asked the district court to estop defendants from pursuing in this case prior art grounds that they did not include in their IPR petitions, but reasonably could have.  The district court rejected this position because such prior art grounds could never have been raised during the post-institution merits phase of the IPR proceedings.  Only instituted grounds may be considered during that phase.  APPX00005:11-12.

As explained above, the district court's approach is clearly wrong because it evaluates what grounds "could have been raised" in the merits phase only after the institution decision dictates exactly what grounds will actually be considered in the merits phase.  As a consequence, the district court's interpretation guts the clause of § 315(e)(2) that extends the estoppel to prior art grounds, not only that were raised in the instituted proceedings, but those that "reasonably could have" been raised.  It also ignores the supporting legislative history identified above, that explains that the statute was intended to prevent relitigation of grounds that "reasonably could have" been raised in the petition, but were not.

Defendants' invalidity contentions, including those exchanged in these cases before the IPRs were filed, include numerous grounds that were not included in their petition.  They have failed to identify any reason why they could not have

17

included those prior art grounds in their petition given that they had stated in litigation that they believed them to be invalidating.

### 2.    Non-Instituted Prior Art Grounds That Were Substantively Addressed By The PTAB

In this case, the PTAB rejected prior art invalidity grounds proposed by defendants because of defects in their positions. For each, the PTAB provided a specific explanation for why defendants had failed to meet the legal standard. APPX00572-00574, APPX00779-00782, APPX00834-00836. In addition to precluding defendants from relying on prior art grounds that they did not include in their petitions, plaintiffs sought to estop grounds in the petitions that the PTAB refused to institute for good reason.

A blanket rule that non-instituted grounds are immune from the § 315(e)(2) estoppel should be rejected. For example, Roche filed a belated IPR petition that relied on overlapping prior art with duplicative arguments relative to Ariosa's then-pending petition, which had been instituted. Roche had conceded it was the real-party-in-interest in the Ariosa IPR merits proceedings so the second petition was truly duplicative. In a 16 page opinion, the PTAB denied institution and refused to join Roche's petition with Ariosa's IPR trial. APPX00804-00821, *Roche Molecular Systems, Inc. v. Illumina, Inc.*, Case No. IPR2015-01091 (PTAB

October 30, 2015) (rejecting "Petitioner's belated, and essentially, second attempt to raise a plurality of duplicative grounds against the same patent claims.").

In opposing the motion to strike its invalidity contentions below, Roche argued that, because the PTAB declined to institute its prior art grounds since they were belated and duplicative, those grounds reasonably could not have been included in the institution phase of Ariosa's IPR. APPX00899-00918. Thus it argued that no estoppel applied to these grounds. The district court accepted this argument. APPX00010:21-23 ("Under *Shaw*, because Roche's IPR was not instituted, the grounds Roche raised are not barred by statutory estoppel by virtue of Roche having raised them in that IPR petition.").

This is a non-sensical interpretation of § 315(e)(2). If including grounds in a petition that is denied automatically insulated such grounds from estoppel, a manipulative party could, at will, file an untimely or otherwise non-compliant petition to immunize any included grounds from the estoppel.

Ariosa's IPR petitions illustrate another example of this mis-reading of the statute and the absurd results that would follow. Ariosa included in its petition for the '794 patent a prior art argument based on Straus. APPX00703-00770. But Ariosa failed to establish that Straus was prior art so the PTAB refused to institute an IPR on that ground. APPX00781-00782. This ground ***could*** reasonably have

19

been raised in the merits proceedings *if* defendants had met the legal standard. The reason why such grounds were not instituted is a product of shortcomings in defendants' presentation and weaknesses in their theories. These failings are not a reason to exclude such grounds from the statutory estoppel.

Likewise, Ariosa's failed arguments based on prior art that were rejected because it they did not show all the elements of the claims were even disclosed should be estopped. This includes the combination of Quake and Craig in the '430 Patent IPR. There, the PTAB found that Ariosa wholly failed to show the presence of a substantial claim requirement. APPX00834-00836. The failure to present prior art that substantively meets the minimum legal standards for institution constitutes grounds that "reasonably could have" been raised if they were presented such that they met the legal requirements.

In each case where grounds in defendant's original petitions were found legally deficient by the PTAB, the grounds defendants would like to raise in district court also reasonably could have been joined to and raised in the merits proceeding *if* the defendants could have met the legal standard in a properly filed second petition. The PTO has established rules permitting such joinder. *See, e.g.*, 37 C.F.R. 42.122. *See also, e.g.*, APPX00939-00945, *Microsoft Corp. v. Proxyconn, Inc.*, IPR2013-00109 (Paper 15). Defendants did not choose to do so.

20

The situation presented to the district court contrasts markedly with *Shaw*. There, the PTAB did not institute proceedings on the grounds at issue merely because it had found that it did not need to reach such grounds. The PTAB instituted proceedings based on other grounds that it thought were sufficient. Thus, the petitioner ***could not*** reasonably have raised such grounds in the instituted proceedings. There was nothing about the non-instituted grounds or the way they were presented that caused their rejection. Rather they were deemed superfluous merely because the PTAB instituted on other grounds.

This Court has expressed concern about according estoppel effect to PTAB institution decisions that are not reviewed. But the district courts (and this Court) can review institution decisions as part of their estoppel rulings. Indeed, these estoppel rulings ***should*** include the review of institution decisions to determine if the failure to institute was a shortcoming of the petitioner who could have raised such grounds or instead a decision of the PTAB unrelated to what grounds the petitioner could have raised as in *Shaw*. The safeguard of judicial review exists.

### 3.    Prior Art Grounds That Were Considered But With Different Labels

The district court stated that defendants ***can*** attack the patents based on the estopped prior art that was the basis for the failed IPRs so long as it is combined with other prior art. APPX00008, n.4 ("For the avoidance of doubt, Ariosa may

21

still assert grounds based on these pieces of prior art [the references that made up the instituted prior art combination] as combined with art not presented during IPR.).   Such other prior art could presumably include prior art systems not permitted to be considered in IPRs or prior art that was not presented to the PTAB.

This interpretation threatens to allow a party to repackage a prior art combination that was considered and rejected by the PTAB merely by, for example, adding to that combination a token additional reference to satisfy a conventional claim element.  This "new" prior art theory might then be presented as a way to try to avoid the straightforward estoppel of a combination already considered and rejected by the PTAB.[5]

This is also clear error.  What matters is whether the substance of the grounds is the same.  Merely because the prior art reference asserted in litigation has a different title, is in a different journal, qualifies under a different subsection of law, is used to establish the presence of conventional elements, or is different in immaterial ways, the prior art ground may very well be the same as that rejected after an IPR trial.   This is also true for the use of "on-sale" prior art that is not eligible to be considered for IPR to replace considered prior art describing the very

---

[5] The district court correctly found that a sub-combination of prior art that constitutes an instituted ground is the same ground and is also estopped. APPX00007:21-00008:1.

same prior art.  The district court must determine for itself as part of the estoppel analysis whether two allegations with different labels actually present the same ground.  Otherwise, it would be trivial to evade the estoppel based on mere labels.

For example, as Plaintiffs explained to the district court, Ariosa's IPR petition contained an invalidity theory based on Fan and Lizardi that is in substance duplicative of the Fan ground that was ultimately rejected in the final written decision after trial.    APPX00255:22-00256:3, APPX00926:23-26.    In declining to institute the combination of Fan and Lizardi, the PTAB explained that it is the same ground as the Fan ground that was instituted because "there is no limitation for which Petitioner is relying on Lizardi to make up a deficiency of Fan." APPX00780.

Plaintiffs sought to estop defendants' reliance on the Fan plus Lizardi combination because it is really the same ground as the Fan ground rejected by the PTAB after trial.  The district court failed to consider the substance of petitioners' prior art theories before refusing to estop their relitigation.  It should be required to do so.  The district court's assumption that different prior art references and different combinations necessarily present different grounds is clearly wrong.

### C.    A Writ Is Appropriate

It is especially appropriate to grant this writ because district courts in key patent hot spots are mis-reading this Court's caselaw relating to § 315(e)(2) estoppel.  This could have an immediate and cascading effect on the scope of IPR petitions, PTAB institution decisions, district court stay decisions, invalidity trials and patent litigation involving IPRs generally.  Now is the right time to clarify this area of the law.

Dated: January 26, 2017                    Respectfully submitted,

By:   */s/ Edward R. Reines*

Edward R. Reines
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
(650) 802-3000

*Attorney for Petitioners*
*Illumina, Inc. and Verinata*
*Health, Inc.*

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that this brief complies with the type-volume limitations of Fed. R. App. P. 21(d)(1). This brief contains 5,064 words as calculated by the "Word Count" feature of Microsoft Word 2010, the word processing program used to create it.

The undersigned further certifies that this brief complies with the requirements of Fed. R. App. P. 32(c)(2). This brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Times New Roman 14 point font.

Dated:  January 26, 2017         */s/ Edward R. Reines*

Edward R. Reines
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
(650) 802-3000

*Attorney for Petitioners*
*Illumina, Inc. and Verinata*
*Health, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 26, 2017, I filed or caused to be filed copies of the foregoing with the Clerk of the United States Court of Appeals for the Federal Circuit via the CM/ECF system and served or caused to be served copies on all counsel of record by the CM/ECF system.  Copies of the foregoing have also been served via e-mail and Federal Express on:

**Counsel for Ariosa Diagnostics, Inc.**
David Isaac Gindler
Irell & Manella LLP
1800 Avenue of the Start
Suite 900
Los Angeles, CA 90067-4276
(310) 27-1010
DGindler@irell.com

**Counsel for Roche Molecular Systems, Inc.**
Keith Leonard Slenkovich
Wilmer Cutler Pickering Hale & Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304
(650) 858-6110
keith.slenkovich@wilmerhale.com

Copies of the foregoing are also being hand-delivered to:

> Honorable Judge Susan Illston
> U.S. District Court
> San Francisco Courthouse
> Courtroom 1 – 17th Floor
> 450 Golden Gate Avenue
> San Francisco, CA 94102

Dated:  January 26, 2017              */s/ Edward R. Reines*

> Edward R. Reines
> WEIL, GOTSHAL & MANGES LLP
> 201 Redwood Shores Parkway
> Redwood Shores, CA  94065
> (650) 802-3000
>
> *Attorney for Petitioners*
> *Illumina, Inc. and Verinata*
> *Health, Inc.*